**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: LEONA PHYLLIS FERRARA, Debtor, | No. 11-60051 |
| | BAP No. 10-1331 |
| LEONA PHYLLIS FERRARA, Appellant, v. MARY JANE CONDIT, Appellee. | MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Markell, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted January 16, 2013
San Francisco, California

Before: NOONAN, GRABER, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We affirm a holding of the Bankruptcy Appellate Panel (the BAP) in favor of Mary Jane Condit, the conservator of John Charochak.

The parties are familiar with the facts and prior proceedings. We note only that the Arizona Probate Court held that Ferrara in 2006 became a trustee for her husband by her acts and the operation of Arizona's Adult Protective Services Act (APSA). The Arizona Probate Court held her liable for $48,663.53 in damages and $28,818.10 in attorney fees, costs, and interest. Ferrara did not appeal the judgment.

In 2009, Ferrara began this action in the bankruptcy court in chapter 7 and sought to discharge the probate court's judgment against her. Both the bankruptcy court and the BAP ruled against her. She appeals to us.

The BAP held that it should afford preclusive effect to the judgment of the Arizona Probate Court, if Arizona courts would do so. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Condit had established the required factors under Arizona law to preclude further litigation of the claim already decided definitively by the Arizona Probate Court.

Following *Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186 (9th Cir. 2001), the BAP found that a person acting as a trustee under the APSA was also acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). By

2

virtue of the Arizona statute, Ferrara had been the trustee of her husband's property prior to her wrongdoing. That she claimed to have been unaware of her fiduciary status was no defense, as ignorance of the law is no defense.

It is anomalous to treat a person as a trustee when that person asserts her ignorance of such a role and its responsibilities. As Ferrara did not appeal the judgment of the Arizona Probate Court, she cannot effectively attempt to do so here. But, it may be argued, to be a trustee under the Arizona statute is not to be a trustee under § 523(a)(4) of the bankruptcy statute. In this instance, we reject this argument. We agree with the BAP that the Arizona statutory trust that exists here meets the three criteria articulated in *Hemmeter*, 242 F.3d at 1190. We therefore affirm the judgment.

AFFIRMED.